UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-187-JBC

DALE SALYER,                                                                                         PLAINTIFF,

V.                                    MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                            DEFENDANT.

* * * * * * * * * *

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") (DE 10, 11). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

I.  Overview of the Process

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

1

adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II. The ALJ's Determination

The plaintiff is a fifty-one-year-old male with a tenth-grade education and past work experience as a millwright. AR 119. He alleges disability beginning on April 22, 2003, due to arthritis, breathing problems, and anxiety. AR 119. The

plaintiff filed a claim for DIB and SSI on July 7, 2004, which was denied initially and on reconsideration. AR 18. After hearings held on July 12, 2006, and October 12, 2006, ALJ Andrew J. Chwalibog determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 27. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity. AR 20. At Step 2, the ALJ found that the plaintiff's multi-level degenerative disc disease, degenerative joint disease of the right knee, arthritis of the left hand, and dysthymic disorder/depression were severe impairments. AR 20-21. At Step 3, the ALJ determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments. AR 22. At Step 4, the ALJ found that the plaintiff was unable to perform any past relevant work. AR 25. Finally, at Step 5 the ALJ found that with the plaintiff's age, education, work experience, and residual functional capacity ("RFC") to perform light work, jobs exist in a significant number in the national economy that the plaintiff can perform, and, therefore, the ALJ denied the plaintiff's claim. AR 26-7. On August 17, 2007, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, AR 6-8, and the plaintiff then commenced this action.

### III. Legal Analysis

The plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to give proper weight to the opinions of Dr. Jagan

Annabathula and Dr. Gutti[1] when completing his RFC assessment. Specifically, the plaintiff claims that the ALJ did not comply with SSR 96-8p[2] because he failed to explain why the relevant limitations in his RFC assessment are less restrictive than the limitations indicated by Dr. Jagan Annabathula as a treating physician.[3] The plaintiff also states that the ALJ also did not comply with SSR 96-8p with regard to the "conclusory" opinion of Dr. Gutti.

The ALJ considered and addressed Dr. Annabathula's opinions in his RFC assessment, but they were inconsistent with the rest of the medical record. *See* AR 25. The ALJ discussed Dr. Annabathula's letter, dated March 26, 2004, AR 401, and also considered several more recent evaluations that indicated less restrictive limitations on the plaintiff's ability to lift and carry. AR 24-5. In September 2004, Dr. J.E. Baez-Garcia, a state-agency consultative evaluator, limited the plaintiff to lifting 20 pounds occasionally and 10 pounds frequently. AR 24, 330, 334. In August 2006, the most recent consultative evaluator, Dr. Barry Burchett, limited the plaintiff to lifting and/or carrying 25 pounds occasionally and frequently. AR 25, 426, 434. At the end of the paragraph in which he discussed

---

[1] The court is unable to discern the first name of Dr. Gutti because this portion of the photocopy of his report in the administrative record, AR 425, is illegible.

[2] SSR 96-8p states: "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."

[3] The ALJ limited the plaintiff to lifting 25 pounds maximum. AR 23. On March 26, 2004, before he began treating the plaintiff, Dr. Annabathula opined that the plaintiff's pain renders him "unable to lift any weight, not even 5 lbs." AR 401. He subsequently began treating the plaintiff.

Dr. Annabathula, the ALJ stated that, because he found that the plaintiff's pain "is not so severe as to require regular medical treatment or prescription medication, "I find the claimant's pain is not so severe as to prevent him [from] performing some weight. As such, I give weight to the State Agency's findings and limit him to light work." AR 25. Arriving at such a conclusion after weighing all of the evidence satisfies the ALJ's duties under SSR 96-8p because his opinion addressed Dr. Annabathula's findings. The ALJ also satisfied his general duty to render a decision that is based on substantial evidence because he cited the findings of Dr. Baez-Garcia and Dr. Burchett (who imposed the 25-pound limitation) in rejecting the findings of Dr. Annabathula. *See* AR 24-25.

The ALJ was not obligated to give controlling weight to the opinion of Dr. Annabathula because, as the plaintiff concedes, *see* DE 10-2, at 4, he was not a treating source when he wrote the March 26, 2004, letter. The ALJ also was not required to give controlling weight to, or even to consider, the conclusory statements of Dr. Gutti or Dr. Annabathula that the plaintiff was disabled because the determination of whether a claimant is disabled is the province of the Commissioner. 20 C.F.R. § 404.1527(e)(1); 20 C.F.R. § 416.927(e)(1). Therefore, the ALJ also did not violate SSR 96-8p with regard to Dr. Gutti's conclusory statement because such a statement is "not based upon objective medical evidence." *See Warner v. Comm'r of Social Security*, 375 F.3d 387, 391 (6th Cir. 2004).

5

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 10) is **DENIED**.

Signed on  September 29, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6